RP

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Edward Kelly, Jr.,                    )    No. CV-05-302-PHX-DGC (JRI)
                                      )
          Plaintiff,                  )    **ORDER**
                                      )
vs.                                   )
                                      )
Maricopa County Sheriff's Office, et al.,  )
                                      )
          Defendants.                 )
                                      )
_____ )

On January 26, 2005, Edward Kelly, Jr. (Plaintiff), formerly confined in the Maricopa County Towers Jail in Phoenix, Arizona (Towers Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint). This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL-K

1   Plaintiff did not immediately pay the one hundred and fifty dollar ($150.00) filing fee,

2   but filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-

3   Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement)

4   with the Complaint.   Then on February 18, 2005, Plaintiff filed a "Notice of Change of

5   Address" (Document #3) (Notice) which indicated that he is now residing in Phoenix,

6   Arizona.

7   Because it appeared that Plaintiff had been released, the Court, by Order filed June

8   10, 2005 (Document #4), gave Plaintiff thirty (30) days from the filing date of the Order to

9   pay the one hundred and fifty dollar ($150.00) filing fee.   On June 21, 2005, Plaintiff paid

10   the one hundred and fifty dollar ($150.00) filing fee.   Accordingly, the Court will proceed

11   to review the Complaint.

12                    **STATUTORY SCREENING OF PRISONER COMPLAINTS**

13   The Court is required to screen complaints or amended complaints brought by

14   prisoners seeking relief against a governmental entity or officer or employee of a

15   governmental entity. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion

16   thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to

17   state a claim upon which relief may be granted, or that seek monetary relief from a defendant

18   who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).   The Court also must dismiss

19   a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available

20   to him.   42 U.S.C. § 1997e(a).

21   If the Court determines that a pleading could be cured by the allegation of other facts,

22   a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the

23   action.   See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).   The Court

24   is required to grant leave to amend "if a complaint can possibly be saved," but not if the

25   Complaint "lacks merit entirely." Id. at 1129.   A court therefore should grant leave to amend

26   if the pleading could be cured by the allegation of other facts, or if it appears at all possible

27   that the defect can be corrected.   Id. at 1130.

28   The Court should not, however, advise the litigant how to cure the defects.   This type

**JDDL-K**                                      - 2 -

1  of advice "would undermine the district judges' role as impartial decisionmakers." <u>Pliler v.</u>

2  <u>Ford</u>, 124 S.Ct. 2441, 2446 (2004); <u>see</u> <u>also</u> <u>Lopez</u>, 203 F.3d at 1131, n.13 (declining to

3  decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint

4  will be dismissed for failure to state a claim, with leave to amend, because the Complaint

5  may possibly be saved by amendment.

6  **COMPLAINT**

7  Plaintiff alleges three (3) counts in his Complaint.  (Complaint at 4-6).  Named as

8  Defendants in the Complaint are: (1) Maricopa County Sheriff's Office; (2) Maricopa County

9  Sheriff's Office Detention Officers; (3) Maricopa County Sheriff's Office Supervisors; and

10  (4) Maricopa County Sheriff's Office Chain of Command.  (Complaint at 1-2).  Plaintiff

11  seeks compensatory monetary damages.  (Complaint at 7).

12  In Count I of the Complaint, Plaintiff claims that his housing rights were violated by

13  the severe overcrowding at the Maricopa County Madison Street Jail (Madison Jail) and the

14  Maricopa County Estrella Jail (Estrella Jail).  (Complaint at 4).

15  In Count II of the Complaint, Plaintiff claims that his health rights were violated by

16  the unsanitary conditions he was forced to live in.  (Complaint at 5).

17  In Count III of the Complaint, Plaintiff claims that his right to a proper diet was

18  violated by the meals that he was served on a daily basis which did not meet "USDA RDI"

19  standards.  (Complaint at 6).  Plaintiff further claims that the kitchen in the Maricopa County

20  Durango Jail (Durango Jail) had abundant mice, mice feces, and roaches, and that he was

21  served food with "expired dates" at the Maricopa County Towers Jail (Towers Jail).  <u>Id.</u>

22  **JURISDICTION**

23  Plaintiff alleges in the Complaint that this Court has jurisdiction over his action

24  pursuant to "<u>Hart vs. MCSO</u>."  (Complaint at 1).  Plaintiff does not elaborate on how this

25  Court has jurisdiction pursuant to "<u>Hart vs. MCSO</u>," and does not provide the Court with a

26  citation to this case.  The Court assumes that Plaintiff intended to refer to the class action

27  case of <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  However, with respect to

28  any injunctive relief that Plaintiff may seek in connection with the rights enumerated in the

**JDDL-K**

1   Amended Judgment of the class action case of  Hart, the Court notes that injunctive relief

2   may only be sought or enforced within the original case.  The Amended Judgment in the

3   class action precludes Plaintiff from seeking separate and individual injunctive relief in the

4   instant action.

5       Moreover, with respect to any claim for monetary damages, Hart provides no

6   independent cause of action.  Although the class action does not foreclose an individual

7   complaint for damages, see  Hiser v. Franklin, 94 F.3d 1287 (9th Cir.) cert. denied, 520 U.S.

8   1103 (1997), Plaintiff must demonstrate some right of action and legal entitlement to the

9   monetary damages he seeks.  In a case challenging the conditions of confinement of pretrial

10  detainees or inmates, the most likely source of a right to sue is 42 U.S.C. § 1983.

11  Accordingly, for purposes of review, the Court will liberally construe this action as being

12  brought pursuant to 42 U.S.C. § 1983.

13                    **DISMISSAL OF DEFENDANTS**

14  **Maricopa County Sheriff's Office**

15      The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the

16  responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.

17  See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative

18  creation of the county sheriff to allow him to carry out his statutory duties, and not a

19  "person" amenable to suit pursuant to § 1983.  Therefore, the Maricopa County Sheriff's

20  Office will be dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

21  1915A(b)(1) for failure to state a claim upon which relief may be granted.

22  **Detention Officers, Supervisors, and Chain of Command**

23      To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

24  affirmative link between the alleged injury and the conduct of an individual Defendant.

25  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

26      To state a claim against a state official, the civil rights complainant must allege that

27  the official personally participated in the constitutional deprivation, or that a state

28  supervisory official was aware of the widespread abuses and with deliberate indifference to

**JDDL-K**                                    - 4 -

1  the inmate's constitutional rights failed to take action to prevent further misconduct.  King

2  v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See also Monell v. New York City Department

3  of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th

4  Cir. 1988).

5  There is no liability under 42 U.S.C. § 1983 based on a theory of respondeat superior,

6  and therefore, a defendant's position as the supervisor of persons who allegedly violated a

7  plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v.

8  Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

9  F.2d 675, 680-81 (9th Cir. 1984).

10  In the Complaint, Plaintiff has made conclusory allegations against a large group of

11  unknown defendants whom he designates as Maricopa County Sheriff's Office Detention

12  Officers, Maricopa County Sheriff's Office Supervisors, and Maricopa County Sheriff's

13  Office Chain of Command.  This is not sufficient to state a claim.

14  Plaintiff must identify specific individual detention officers, supervisors, or members

15  of the chain of command whose actions caused the injuries he describes.  Because Plaintiff

16  has not linked his injuries with specific individual detention officers, supervisors, or

17  members of the chain of command, Defendants Maricopa County Sheriff's Office Detention

18  Officers, Maricopa County Sheriff's Office Supervisors, and Maricopa County Sheriff's

19  Office Chain of Command will be dismissed from this action pursuant to 28 U.S.C. §§

20  1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be

21  granted.

22  **DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND**

23  Because no Defendants now remain, Plaintiff's Complaint will be dismissed pursuant

24  to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which

25  relief can be granted.  However, in keeping with "the rule favoring liberality in amendments

26  to pleadings," the Court will exercise its discretion and allow Plaintiff to file an amended

27  complaint, if he so desires, to show what constitutional rights he has been deprived of, how

28  the conduct of proper defendants deprived him of said rights, what injury, if any, he has

1    suffered as a result of the activities of the defendants, and how he has exhausted his

2    administrative remedies.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

3         If Plaintiff chooses to file an amended complaint, he should take notice that all causes

4    of action alleged in an original complaint which are not alleged in an amended complaint are

5    waived.  See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.

6    1990) ("an amended pleading supersedes the original").

7         Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety

8    on the current, Court-approved form included with this Order and may not incorporate any

9    part of the original Complaint by reference.  The amended complaint must conform to the

10   requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure, and all

11   applicable Local Rules.  If Plaintiff cannot fit all of his supporting facts in favor of a

12   particular count on the Court-approved form, then he may continue on an attachment, but

13   each matter on any attachment must be clearly referenced to a particular count on the

14   Court-approved form, and be numbered appropriately.  Plaintiff may only address one (1)

15   issue in each count.

16        In any amended complaint, Plaintiff must write out short, plain statements telling the

17   Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who

18   violated the right; (3) exactly what that individual did or failed to do; (4) how the action or

19   inaction of that person is connected to the violation of Plaintiff's constitutional right; and (5)

20   what specific injury Plaintiff suffered because of that person's conduct.  Rizzo, 423 U.S. at

21   371-72, 377.  If the person named as a Defendant was a supervisory official, Plaintiff must

22   either state that the Defendant personally participated in the constitutional deprivation (and

23   tell the Court the five (5) things listed above), or Plaintiff must state, if he can do so in good

24   faith, that the Defendant was aware of the similar widespread abuses in the prison, but with

25   deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent

26   further harm to Plaintiff (and tell the Court some facts to support this claim).  King, 814 F.2d

27   at 568;  See, Monell, 436 U.S. at 691.

28        Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

JDDL-K                                    - 6 -

1    fails to affirmatively link the conduct of each named Defendant with the specific injury

2    suffered by Plaintiff, the claim against that Defendant will be dismissed for failure to state

3    a claim.  Conclusory allegations that a Defendant or group of Defendants have violated a

4    constitutional right are not acceptable and will be dismissed.

5                         **FAILURE TO STATE A CLAIM**

6            The defects in Plaintiff's Complaint go beyond his failure to name a proper Defendant.

7    In filing an amended complaint, Plaintiff should note that in order to state a claim under 42

8    U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a

9    constitutional right.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc),

10   cert. denied, 478 U.S. 1020 (1986).  In his Complaint, Plaintiff fails to allege any violation

11   of a specific constitutional right.

12           Plaintiff also should note that a pretrial detainee is protected from punishment without

13   due process under the Due Process Clause of the Fourteenth Amendment, rather than the

14   Eighth Amendment.  U.S. v. Salerno, 481 U.S. 739, 746-47 (1987); Bell v. Wolfish, 441 U.S.

15   520, 535-36 (1979).[2]  The protections of the Due Process Clause are at least as great as those

16   of the Eighth Amendment.  City of Revere v. Massachusetts General Hospital, 463 U.S. 239,

17   244 (1983).   Therefore, the due process rights of pretrial detainees are analogous to those

18   of convicted prisoners under the Eighth Amendment.  See Redman v. County of San Diego,

19   942 F.2d 1435, 1441 (9th Cir. 1991).  Under the Fourteenth Amendment, the question is

20   whether the treatment of the pretrial detainee amounts to "punishment."  Bell, 441 U.S. at

21   535 & n. 16.

22           To constitute cruel and unusual punishment in violation of the Eighth Amendment,

23   prison conditions must involve the "wanton and unnecessary infliction of pain." Rhodes v.

24   Chapman, 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the [E]ighth

25   ────────────

26           [2]Plaintiff does not specifically allege in the Complaint that he was a pretrial detainee at the
27   time he was subjected to the conditions of which he is complaining.  If he was a convicted inmate
     at the time, rather than a pretrial detainee, then the provisions of the Eighth Amendment would apply
28   to his conditions of confinement.

**JDDL-K**                                   - 7 -

1    [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing,

2    shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246

3    (9th Cir.1982) (quotations omitted).  However, this does not mean that federal courts can or

4    should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.  See

5    Bell, 441 U.S. at 539 n.21 (noting that a de minimis level of imposition does not rise to a

6    constitutional violation).

7                                        **RULE 41(b) WARNING**

8          Plaintiff is warned that if he fails to timely comply with every provision of this Order,

9    this action will be dismissed without further notice pursuant to Rule 41(b) of the Federal

10   Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district

11   court may dismiss action for failure to comply with any order of the court), cert. denied, 506

12   U.S. 915 (1992).  Moreover, because the Complaint has been dismissed for failure to state

13   a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified

14   in this Order, the dismissal of this action will count as a "strike" under the "three strikes"

15   provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

16         **IT IS THEREFORE ORDERED:**

17         (1) That Defendants Maricopa County Sheriff's Office, Maricopa County Sheriff's

18   Office Detention Officers, Maricopa County Sheriff's Office Supervisors, and Maricopa

19   County Sheriff's Office Chain of Command are DISMISSED from this action pursuant to 28

20   U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief

21   may be granted;

22         (2)   That Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1)

23   (Complaint) is DISMISSED WITH LEAVE TO AMEND pursuant to 28 U.S.C. §§

24   1915(e)(2)(B)(ii) and 1915A(b)(1) FOR FAILURE TO STATE A CLAIM upon which relief

25   may be granted.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order

26   to file an amended complaint in order to state specific allegations of deprivation of

27   constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)

28   who participated in the activities alleged in his amended complaint, to state what injury he

has suffered as a result of the activities of the defendant(s), and to show how, prior to filing this action, he exhausted his administrative remedies as to each of his claims for relief.  The amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order, may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature.  If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(3)  That the Clerk of the Court is DIRECTED to enter a judgment of dismissal with prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days from the filing date of this Order.  Upon entry of judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(4)  That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(5)  That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(6)  That the Clerk of the Court is DIRECTED to provide Plaintiff with a current,

JDDL-K

- 9 -

1    Court-approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

2    DATED this 28th day of April, 2006.

3

4

5    _____
     David G. Campbell
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. <u>General Information About the Civil Rights Complaint Form:</u>

A. <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.   Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.   Your complaint must be typewritten or legibly handwritten.   All information must be clearly and concisely written, **only in the space provided on the form.**   If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.   You must sign the complaint.   Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.   Please review Rule 11 of the Federal Rules of Civil Procedure.   Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.   You must pay the $250.00 filing fee.   If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.   If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.   If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.   If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form</u>:

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____, ) | |
| (Full Name of Plaintiff)   Plaintiff,   ) | |
| vs.   ) | **CASE NO.** _____ |
| _____, ) | (To be supplied by the Clerk) |
| _____, ) | |
| _____, ) | **CIVIL RIGHTS COMPLAINT** |
| _____, ) | **BY A PRISONER** |
| (Full Name of Each Defendant)   Defendant(s).   ) | ☐ Original Complaint |
| _____) | ☐ First Amended Complaint |
| | ☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)                                                      (Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)                                                      (Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)                                                      (Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)                                                      (Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
     ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion         ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                        ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?            ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail           ☐ Access to the court       ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion      ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                    ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?        ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)         ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings     ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                    ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?       ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____

          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.